IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America, | : | CRIMINAL ACTION |
| | : | NO. 03-00434-1 |
| v. | : | |
| | : | |
| Aquil Bond | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                February 8, 2021

## I.   INTRODUCTION

Before the Court is Aquil Bond's 28 U.S.C. § 2255 motion. Bond seeks relief in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). The Government opposes the motion. Because Bond cannot overcome procedural default, his § 2255 motion will be denied.

## II.  BACKGROUND

On February 27, 2004, Bond was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The Court sentenced him to 96 months' imprisonment, followed by three years' supervised release. Bond did not commence service of the federal sentence for some time, as by the time of sentencing he was facing charges in state court in separate cases for two murders and an attempted murder. He was then convicted in those cases, sentenced to death in one, and to life imprisonment in the others. Ultimately, those convictions

were vacated or altered, due to findings of prosecutorial misconduct and for other reasons. Bond, now 42 years old, is presently serving the federal sentence at FMC Fort Worth, with an estimated release date of January 20, 2023.

While Bond filed a timely notice of appeal, he did not raise on appeal the failure to instruct on scienter as to the first element of the offense (i.e., conviction of a prior crime punishable by a term of imprisonment of more than one year), or the failure of the indictment to charge that element. On March 23, 2006, his conviction was affirmed. See United States v. Bond, 173 F. App'x 144 (3d Cir. 2006).

At the time of his conviction, Bond had two prior convictions for delivery of a controlled substance. Each of these convictions was punishable by a year or more in prison:

> 1. June 10, 1995 delivery of a controlled substance conviction: On December 7, 1994, Bond was arrested for delivery of a controlled substance. Bond failed to appear for a hearing and a bench warrant was issued on December 21, 1994. He pled guilty to this offense on June 10, 1995.
>
> 2. September 27, 1995 delivery of a controlled substance conviction: On February 27, 1995, Bond was arrested for delivery of a controlled substance and possession of a firearm on a public street, arising from a separate incident occurring on that date. On September 27, 1995, Bond pled guilty to the offenses in the second case. Both cases were consolidated for sentencing on that day, and Bond was sentenced to 3-10 years in state prison on each case, with the sentences to run concurrently.

In 2019, the Supreme Court held in Rehaif v. United States that the knowledge element of § 922(g) "applies both to the defendant's conduct and to the defendant's status." 139 S. Ct. at 2194. Therefore, to convict a defendant, the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. (emphasis added).

Bond now challenges his conviction in light of Rehaif. The Government argues that, because Bond did not raise the Rehaif claim at trial or on direct appeal, his claim is procedurally defaulted and thus may not be raised on collateral review. Bond argues that he had the requisite cause not to raise this issue previously and prejudice sufficient to excuse the default.

Bond's petition is timely, as he filed it within one year of the Rehaif decision. See 28 U.S.C. § 2255(f)(3).

**III. DISCUSSION**

    **A.**    **§ 2255 Motion**

Section 2255 permits relief where a defendant's "conviction and punishment are for an act that the law does not make criminal." Davis v. United States, 417 U.S. 333, 346 (1974). A court need not hold a hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Because Bond did not previously raise the claim he now brings, that claim is procedurally defaulted. See United States v. Frady, 456 U.S. 152, 159 (1982). Accordingly, he may raise it here only by demonstrating (1) "either 'cause' and actual 'prejudice,'" or (2) "that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 484 (1986)). Bond's counsel does not dispute that Bond cannot show actual innocence, so the Court will only address whether he has demonstrated cause and prejudice.

1. Cause and Actual Prejudice

Cause for a procedural default exists where a claim is "so novel that its legal basis is not reasonably available to counsel." Bousley, 523 U.S. at 622.

Bond cannot demonstrate cause. "In this circuit, arguments under Rehaif are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years.'" United States v. Ramos, No. 12-00549, 2021 WL 229399, at *2 (E.D. Pa. Jan. 22, 2021) (Robreno, J.) (alterations in original) (quoting Unites States v. Vilella, No. 16-CR-285-2, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020)); see also United States v. McLean, No. CR 13-487-1, 2020 WL 7384898, at *1 (E.D. Pa. Dec. 16, 2020) ("Here, it cannot be said that the question

4

in Rehaif was novel where it was repeatedly litigated in circuit courts.").

Because Bond cannot establish cause, the Court need not reach the issue of actual prejudice.

**IV.  CONCLUSION**

For the foregoing reasons, Bond's § 2255 motion will be denied. An order consistent with this memorandum will issue.